UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH LIGHTFOOT *et al.,*

   Plaintiffs,

   v.

THE DISTRICT OF COLUMBIA *et al.*,

   Defendants.

Civ. A. No. 01-1484 (CKK/JMF)

MEMORANDUM OPINION

This case was referred to me by Judge Kollar-Kotelly for the establishment of deadlines

and procedures for compliance with her September 24, 2004 order granting plaintiffs' motion for

partial summary judgment.  The following two motions are before me for resolution: (1) Class

Representative Jamal Rashad's Motion to Compel Reinstatement of Compensation Benefits

("Mot. for Reinstatement") and (2) Class Representative Jamal Rashad's Motion to Compel

Discovery and Purported Class List ("Mot. for Disc.").  For the reasons stated herein, both

motions will be denied.

I.      BACKGROUND

The plaintiffs in this case are members of a class of former District of Columbia

employees whose disability compensation benefits were terminated, suspended, or reduced by the

District of Columbia, its officials, and a third-party administrator (collectively "defendants" or

"the District").  The plaintiffs brought this suit alleging, among other things, that (1) defendants'

failure to adopt written and consistently applied standards, policies, and procedures governing the

termination, suspension, and modification of their benefits violated the Due Process Clause of

the Fifth Amendment to the Constitution; and (2) defendants' implicit adoption of unwritten

practices regarding the termination, suspension, and modification of benefits without publishing

notice in the District of Columbia Register and without an opportunity for public comment

violated the District of Columbia Administrative Procedures Act ("DCAPA").

Jamal Rashad was one of the original named plaintiffs.  On January 14, 2004, the class

was certified under Rule 23(b)(2) and Rashad became one of five class representatives.  On April

12, 2004, class counsel moved to withdraw as counsel for Rashad *in his capacity as class

representative* due to irreconcilable differences regarding strategic litigation issues.  Judge

Kollar-Kotelly allowed class counsel's motion to withdraw as counsel for Rashad, but it is

unclear whether he thereby lost his status as a class representative.  Attorney Kirk Williams has

since entered an appearance on behalf of Rashad, but has not sought certification as class

counsel.

On August 4, 2003, plaintiffs moved for partial summary judgment.  On September 24,

2004, Judge Kollar-Kotelly granted plaintiff's motion for partial summary judgment, finding that

defendants' system of inadequate notice and insufficient process contravened both the

fundamental guarantees of due process and the restrictions created by the DCAPA.  Lightfoot v.

District of Columbia, 339 F.Supp.2d 78, 96 (D.D.C. 2004).  In granting partial summary

judgment, the court ordered that the District promulgate fair and validly published benefit

program rules and that plaintiffs' cash and medical disability compensation benefits be reinstated

until individualized determinations could be made under validly promulgated rules.  Id.  The case

was referred to me for the establishment of deadlines and procedures for compliance with Judge

Kollar-Kotelly's September 24, 2004 order.

In furtherance of defendants' compliance with Judge Kollar-Kotelly's order, I ordered

defendants to provide plaintiffs with the identity of all class members and verification of the last

known address for each class member.  On June 30, 2005, defendants provided such a list.

However, there is a present dispute as to the completeness and accuracy of that list.  Plaintiffs

have filed a motion for an order requiring the issuance of notice to all class members identified

by defendants on the June 30, 2005 list.  That motion will not be addressed in this order.  Its

existence is nevertheless relevant to the resolution of Rashad's two present motions.

## II.     DISCUSSION

Rashad moves the court to do two things: (1) order the reinstatement of his disability

compensation benefits; and (2) order the District to provide him with a copy of the discovery

responses it provided to class counsel, including a copy of the June 30, 2005 class list.  After

considering the guiding principles and rules governing class actions, as well as the present

circumstances of this case, the court will deny both of Rashad's motions.

### A.     Rashad's Motion to Compel Reinstatement of His Benefits

Rashad moves the court to compel the District to immediately reinstate his compensation

benefits pursuant to the court's September 24, 2004 order.  In support of his motion, Rashad

simply states that his benefits should be reinstated because it is possible to do so. Mot. for

Reinstatement at 1.  Defendants object to Rashad's motion on two grounds: (1) defendants have

moved Judge Kollar-Kotelly to stay the implementation of her September 24, 2004 order pending

their appeal of that order, and (2) Rashad cannot seek individual relief independent of the class.

Defendants' Opposition to Jamal Rashad's Motion to Compel at 1-2.

To date, defendants' motion for a stay has not been resolved.  Accordingly, the

implementation of Judge Kollar-Kotelly's September 24, 2004 order is not stayed and defendants

cannot rely on the mere filing of that motion to prevent the reinstatement of plaintiffs' benefits.

However, although implementation of Judge Kollar-Kotelly's order has not been stayed, the

court will not allow Rashad to obtain relief independent of the class.

A primary purpose behind the establishment of class action lawsuits is to advance the

efficiency and economy of multi-party litigation. Chang v. United States, 217 F.R.D. 262, 268

(D.D.C. 2003) (citing McCarthy v. Kleindienst, 741 F.2d 1406, 1420 (D.C. Cir. 1984)).  "[T]he

class-action device saves the resources of both the courts and the parties by permitting an issue

potentially affecting every class member to be litigated in an economical fashion under Rule 23."

Chang, 217 F.R.D. at 268 (quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147

(1982)).  The class in this case was certified under Rule 23(b)(2).  Rule 23(b)(2) allows for class

actions where "the party opposing the class has acted or refused to act on grounds generally

applicable to the class, thereby making appropriate final injunctive relief or corresponding

declaratory relief *with respect to the class as a whole*." Fed. R. Civ. P. 23(b)(2) (emphasis

added).  Accordingly, a class can be certified under Rule 23(b)(2) only after the court determines

that the type of relief sought (*i.e.,* injunctive or declaratory relief) would apply to the class as a

whole.  Because the relief would apply equally to all Rule 23(b)(2) class members, individual

class members are generally not permitted to opt-out of the class and pursue relief independently.

Eubanks v. Billington, 110 F.3d 87, 92 (D.C. Cir. 1997).

In essence, Rashad is trying to opt-out of the class and pursue relief independently.

Allowing Rashad to pursue his relief independent of the class would create unnecessary and

inappropriate inefficiencies.  First, if the court were to allow Rashad's independent motion, the court would have to allow other class members to do the same.  Instead of focusing on the establishment of a procedure for class-wide reinstatement of benefits, the court's and the parties' efforts would be diverted towards individual plaintiffs' concerns, thus delaying compliance with the September 24, 2004 order.

Moreover, Rashad makes no attempt to explain how his claims are unique from the claims of other class members so as to warrant addressing his claims separately from the class. To the contrary, Rashad's concerns will be adequately addressed by the court and the parties pursuant to the establishment of procedures for class-wide reinstatement of benefits.  In fact, currently pending before the court is a motion filed by the class that wholly encompasses Rashad's motion.  Specifically, the class has moved for an order requiring that notice be provided to and benefits be reinstated for the class members identified on the District's June 30, 2005 class member list. See Plaintiffs' Motion for an Order Requiring Issuance of Notice to Individuals Listed on the June 30 Class List.  Resolving Rashad's motion and the class's motion separately would be duplicative and contrary to the fundamental purpose of class actions - judicial economy and efficiency.  Accordingly, in order to promote efficient progress towards the establishment of procedures for the reinstatement of benefits to the class as a whole, the court will deny Rashad's motion to compel reinstatement of his individual benefits.

### B.     Rashad's Motion to Compel Discovery

Rashad also moves the court to order that the District provide him with copies of discovery responses served on class counsel and the June 30, 2005 purported class list.  In support of this motion, Rashad argues that he is entitled to this information because he is a

named party and a class representative and because Rule 5 requires that discovery responses be

served on every party. Mot. for Disc. at 2; Class Representative Jamal Rashad's Reply to

Opposition to Motion to Compel Discovery at 2.  In response, both defendants and class counsel

argue that, because Rashad's counsel is not class counsel, he is not able to compel discovery

from defendants on behalf of the class. Opposition to Jamal Rashad's Motion to Compel

Discovery and Class Member List and Cross-Motion to Clarify Mr. Rashad's Status ("Def.'s

Opp'n") at 1-2; Plaintiffs' Opposition to Jamal Rashad's Motion to Compel Service of Discovery

and Response to Government Defendants' Motion to Clarify Mr. Rashad's Status ("Class

Counsel's Opp'n") at 2.  Defendants also seek clarification of Rashad's status as a class

representative, specifically, whether he remained a class representative after Judge Kollar-Kotelly

granted class counsel's motion to withdraw. Def.'s Opp'n at 3.  However, class counsel argues

that it is not necessary for the court to clarify Rashad's status at this time because he is not

entitled to the information that he seeks regardless. Class Counsel's Opp'n at 4.  The court will

exercise its discretion and deny Rashad's motion because allowing an individual class member's

attorney to demand copies of discovery related documents at will would be contrary to the fair

and efficient conduct of this class action.

Most importantly, Rashad's attorney is not class counsel.  When a class action is certified,

the court must appoint class counsel to represent the interests of the class as a whole. Fed. R. Civ.

P. 23(g).  The appointment of class counsel is central to the efficiency of class actions.  While

class members may retain their own counsel, such counsel represents the members in their

individual capacity only.  Class members should not be permitted to disrupt the proceedings, but

rather, they must recognize the need for a unified effort on behalf of all members so that the

litigation may proceed in an orderly fashion.  Allowing individual class members' attorneys to

demand copies of discovery related documents at will would disrupt the progress of the litigation,

create unnecessary duplication, and place a heavy burden on both class counsel and opposing

counsel.

The court has wide discretion in the management of class actions.  Under Rule 23(d), the

court the may issue appropriate orders to ensure the fair and efficient conduct of class actions.

See Fed. R. Civ. P. 23(d).  Specifically, the court may make appropriate orders including, but not

limited to, "determining the course of proceedings or proscribing measures to prevent undue

repetition or complication in the presentation of evidence or argument, . . . imposing conditions

on the representative parties or on intervenors, . . . dealing with similar procedural matters."  Fed.

R. Civ. P. 23(d).  As class counsel points out in its opposition, if individual class members were

permitted to demand service of all discovery and related information, the burden on class counsel

and opposing counsel would be crippling and the class action mechanism's central purpose of

avoiding duplicative litigation would be defeated.  Moreover, Rashad has made no attempt to

explain why he needs the information sought, which, according to defendants and class counsel,

includes personal information and information subject to protective orders.  In the interests of

efficiency and economy, this court will exercise its discretion and deny Rashad's motion to

compel service of discovery and the June 30, 2005 class list.

Finally, the court finds that it is not necessary to clarify Rashad's status as class

representative in order to rule on his motion, nor is it necessary to determine whether a class

representative who is not represented by class counsel is entitled to service under Rule 5.  As

previously discussed, the court is exercising its discretion under Rule 23(d) to limit Rashad's

access to the information he seeks.  In exercising this discretion, it does not matter whether

Rashad is a class representative or a regular class member.  Moreover, Rule 5 expressly exempts

the service requirement where the rules otherwise provide or where ordered by the court. Fed. R.

Civ. P. 5(a) ("Except as otherwise provided in these rules, . . . every paper relating to discovery

required to be served upon a party unless the court otherwise orders . . . shall be served on each

of the parties.").

## III.    CONCLUSION

For the foregoing reasons, Rashad's motion to compel reinstatement of his benefits and

his motion to compel service of the District's discovery responses and the June 30, 2005 class list

will both be denied.


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated: