**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELIZABETH LIGHTFOOT** *et al.*,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**THE DISTRICT OF COLUMBIA** *et al.*,<br><br>    **Defendants.** | Civ. A. No. 01-1484 (CKK/JMF) |

**MEMORANDUM ORDER**

This class action was referred to me by Judge Kollar-Kotelly for the establishment of deadlines and procedures for compliance with her September 24, 2004 order granting plaintiffs' motion for partial summary judgment. Incident to the establishment and management of post-summary judgment procedures, I issued an order on January 3, 2006 denying two motions filed by class member Jamal Rashad: (1) Class Representative Jamal Rashad's Motion to Compel Reinstatement of Compensation Benefits [#237]; and Class Representative Jamal Rashad's Motion to Compel Discovery and Purported Class List [#258]. On January 26, 2006, Rashad moved me to reconsider that order, arguing (1) that his ability to protect his interests will be unfairly prejudiced unless he is allowed access to all discovery provided by and to the appointed class counsel and (2) that there is no reason to deny him the immediate reinstatement of his benefits as required by Judge Kollar-Kotelly's September 24, 2004 order. For the reasons stated below, it is, hereby, **ORDERED** that Class Representative, Jamal Rashad's Motion for Reconsideration, or to Alter or Amend the Order of January 3, 2006 [#283] is **DENIED**.

      Not only has Rashad provided nothing new in moving for reconsideration, effectively wasting the Court's time and resources, but his motion has since been rendered moot by the court of appeals.  "A trial court has broad discretion to grant or deny a motion for reconsideration and will revise its decision only if it finds '(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice.'" Higbee v. Billington, 290 F. Supp. 2d 105, 106 (D.D.C. 2003) (quoting Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc., 212 F. Supp. 2d 1, 3 (D.D.C. 2002).  In moving for reconsideration, Rashad cites to no intervening change in the controlling law, presents no newly available evidence, and fails to demonstrate clear error or manifest injustice.  Moreover and more significantly, on May 23, 2006, the court of appeals reversed in part and vacated in part Judge Kollar-Kotelly's September 24, 2004 order, remanding the case for further proceedings. Lightfoot v. District of Columbia, 448 F.3d 392 (D.C. Cir. 2006).  Accordingly, Rashad's motion for reconsideration is largely, if not entirely, moot.

      **SO ORDERED.**

                                                            _____
                                                           JOHN M. FACCIOLA
                                                           UNITED STATES MAGISTRATE JUDGE

Dated: