UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH LIGHTFOOT, *et al.*,

    Plaintiffs,

     v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 01-1484 (CKK)

**MEMORANDUM OPINION**
(January 16, 2007)

This case is currently before the Court on remand from the Court of Appeals for the

District of Columbia Circuit.  In *Lightfoot v. District of Columbia*, 448 F.3d 392 (D.C. Cir. 2006)

(*per curiam*) (herein after "*Lightfoot Appeal*"), the D.C. Circuit reversed this Court's previous

grant of partial summary judgment in favor of Plaintiffs on Claims Six and Seven of Plaintiffs'

Third Amended Class Action Complaint for Declaratory and Injunctive Relief (hereinafter

"Third Amended Complaint"), vacated this Court's order reinstating disability benefits for class

members, and remanded Claim Seven back to this Court for reconsideration of this Court's

decision to exercise supplemental jurisdiction over that claim.  Presently pending before the

Court is the motion to dismiss Claims One, Three, Four, and Five of the Third Amended

Complaint, brought by Defendant the District of Columbia (hereinafter the "District"), which

Plaintiffs oppose.

Upon a searching review of the memoranda filed by each party, the attached exhibits, the

D.C. Circuit's opinion on appeal, other relevant case law, and the entire record herein, the Court

shall grant the District's motion to dismiss as to Claims Three, Four, and Five of the Third

Amended Complaint and shall deny without prejudice the District's motion to dismiss as to

Claim One of the Third Amended Complaint.  The Court shall also decline to exercise

supplemental jurisdiction over Claim Seven, and shall therefore dismiss without prejudice that

claim.  Furthermore, in order to allow the parties the opportunity to address the application of

*United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d. 697 (1987), to Claim One

of the Third Amended Complaint, the Court shall order the parties to submit a joint proposed

schedule for additional briefing on that limited issue on or before January 26, 2007.

## I: BACKGROUND

This case has been the subject of numerous opinions and orders of this Court as well as of

the Court of Appeals for the District of Columbia Circuit.  As such, the Court shall recite herein

only those facts that are relevant to the motion to dismiss currently before the Court and shall

assume familiarity with the factual background of this case.[1]  Plaintiffs, a class of former District

of Columbia employees, challenge the policies and procedures applied to terminate, suspend, and

modify their disability compensation benefits pursuant to Title 23 of the District of Columbia

Comprehensive Merit Personnel Act ("CMPA") of 1978, as it existed prior to April 5, 2005.[2]

---

[1] For a detailed discussion of the factual background of this case, *see Lightfoot v. District of Columbia*, 339 F. Supp. 2d 78, 80-87 (D.D.C. 2004) (granting summary judgment as to Claims VI and VII of Third Amended Complaint), *rev'd on appeal*, 448 F.3d 392 (D.C. Cir. 2006); *see also Lightfoot Appeal*, 448 F.3d at 394-95.

[2] As the D.C. Circuit noted on appeal, the Disability Compensation Effective Administration Amendment Act of 2004, D.C. Act 15-685, 52 D.C. Reg. 1449 (Jan. 4, 2005), which took effect on April 5, 2005, "formalizes the thirty-day reconsideration period and prohibits any termination of benefits either during that period or prior to resolution of a reconsideration effect." *Lightfoot Appeal*, 448 F.3d at 397 n.5.  In addition, since February 2005, the District has issued emergency rules.  *See* 52 D.C. Reg. 5481 (Jun. 10, 2005).  "These rules provide additional guidelines for the District's benefits modification and termination procedures, including enumerating factors on which a modification or termination decision can be based,

Plaintiffs' Third Amended Complaint includes eight claims.  Claim One mounts a facial challenge to the CMPA, alleging that the statute violates the Due Process Clause of the Fifth Amendment to the United States Constitution because it does not afford "beneficiaries adequate and timely notice and opportunity to demonstrate a continuing entitlement to benefits."  Third Am. Compl. (hereinafter "TAC")  ¶¶ 131-132.  Claim Two alleges that, as applied, the CMPA violates the Due Process Clause.  *Id.* ¶¶ 133-134.  Claim Three alleges that the notices of termination, suspension, or modification issued by Defendants violate the Due Process Clause because they inadequately and inaccurately advise beneficiaries of various procedural rights, including the right to appeal, right to review their case file, the nature of reconsideration review, and right to retain legal counsel.  *Id.* ¶¶ 135-136.  Claim Four alleges that the notices issued by Defendants violate the Due Process Clause because they provide an insufficient and inadequate explanation of the basis for the termination, suspension, or modification, by failing to include the rationale for the decision, a statement of facts, and the evidence and legal standard relied upon. *Id.* ¶¶ 137-138.  Claim Five alleges that Defendants failed to engage in reasoned decision-making, in violation of the Due Process Clause. *Id.* ¶¶ 139-140.  Claim Six alleges that the Defendant's failure to adopt written standards governing the termination, suspension, or modification of benefits violates the Due Process Clause.  *Id.* ¶¶ 141-142.  Claim Seven alleges that the District's implicit adoption of unwritten practices without public notice and comment violates the District of Columbia Administrative Procedure Act.  *Id.* ¶¶ 143-144.  Finally, Claim

---

reaffirming the thirty-day reconsideration period, and providing reasons that would justify the District's reliance on a report of an independent medical examiner over that of a treating physician," as well as requiring "the District to provide beneficiaries 'a narrative description of the rationale' for a modification or termination decision."  *Lightfoot Appeal*, 448 F.3d at 397 n.5.

Eight alleges that Defendant CLW/CDM materially breached its contract with the District, to which Plaintiffs are a third party beneficiary. *Id.* ¶¶ 145-146.

In its September 24, 2004 Memorandum Opinion and Order, this Court granted Plaintiffs' motion for partial summary judgment as to Claims Six and Seven. In so doing, the Court described the issue before the Court with respect to Claim Six as "purely legal: whether Due Process demands that notice and the potential for arbitrary decision-making requires that written policies and procedures exist to limit discretion and guide the termination, suspension or modification process." *Lightfoot*, 339 F. Supp. 2d at 90. As to Claim Six, the Court concluded that the "largely unwritten system full of guesswork and innuendo fails to meet the strictures of Due Process." *Id.* at 91. With respect to Claim Seven, the Court determined that "Defendants' reliance on unwritten 'best practices' and unpublished procedures to guide the Disability Compensation Program constitutes rule-making under the DCAPA," and that, as Defendants did not engage in notice-and-comment rulemaking prior to implementing the policies, the "rules governing the termination, suspension or modification of Plaintiffs' disability compensation benefits therefore were promulgated unlawfully." *Id.* at 95.

In addition to granting Plaintiffs' motion for partial summary judgment, the Court remanded this case to the District for rulemaking and ordered the disability compensation benefits of all class members reinstated until individualized termination, suspension or modification determinations could be made under validly promulgated rules. *Id.* at 96. The Court further urged Defendants to "strongly consider including explicit written guidelines relating to:

•        What regular opportunities do beneficiaries have to provide medical or vocational

4

information to a claims adjuster prior to a decision to terminate, suspend or modify disability benefits?

- What are the protocols that govern the independent medical evaluation -- when, why, and where one is performed -- and the content of the resulting report?

- What weight is assigned to the independent medical evaluation v. the opinion or the treating physician, and does the treating physician have an opportunity to comment on the independent medical evaluation before a decision is made?

- Does the beneficiary have the right to access his/her file before the termination decision?  What deadlines must the third party administrator follow once file access is requested?

- May a terminated beneficiary retain counsel, and does their attorney have the same right to review the beneficiary's file in order to prepare necessary argument?

- What standards are employed in making the termination decision, and what weight is afforded each piece of information before the adjuster?

- What standard of review is employed on reconsideration and appeal?

- What is the specific timeline for reconsideration and appeal?

- Are there extensions of time for good cause if a personal or other emergency prevents a beneficiary from responding to a termination notice in the outlined time period?

- What kinds of information may beneficiaries submit in response to a notice that their benefits will be terminated?

- Under what circumstances are benefits paid pending reconsideration subject to recoupment, and what are the procedures by which a beneficiary may seek a waiver?"

*Id.* at 92.  The Court also referred the question of possible retroactive relief related to Claims Six and Seven to Magistrate Judge John M. Facciola.  *Id.* at 96.  The Court subsequently denied the District's motion for reconsideration in its January 28, 2005 Memorandum Opinion and Order.  *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414 (D.D.C. 2005).

On appeal, the D.C. Circuit first determined that this Court's September 24, 2004 reinstatement order was an injunction, and thus appealable under 28 U.S.C. § 1292(a)(1). *Lightfoot Appeal*, 448 F.3d at 397-98 (*per curiam*).  The D.C. Circuit then addressed Claim Six, noting that it might "be the case that an agency that terminates . . . statutorily-entitled benefits without any *reason* violates due process, because that would deprive a beneficiary of the capacity to challenge the termination." *Id.* at 398.  However, as to Plaintiffs' claim that the Due Process Clause imposes a "requirement of substantive standards – independent of statutory standards – that may be used to restrict an administrative agency's decision to terminate or modify a protected liberty interest or property interest," the D.C. Circuit stated that "the CMPA and the D.C. court of appeals decisions themselves provide ample standards that would satisfy any such due process claim." *Id.*  The D.C. Circuit continued to state "[t]here is certainly no conceivable due process claim that could be predicated on the notion that an agency must proceed to establish such standards through rulemaking rather than case-by-case determinations." *Id.*  The D.C. Circuit specifically limited its finding of error to this Court's grant of summary judgment on Claim Six, noting that this Court had not yet undertaken an analysis of Claims One through Five. *Id.*

In light of its reversal of summary judgment as to Claim Six, the D.C. Circuit remanded Claim Seven – the DCAPA claim – back to this Court for reconsideration of this Court's decision to exercise supplemental jurisdiction over that claim, and noted three factors relevant to that reconsideration. *Id.* at 399.  First, the D.C. Circuit noted that if no viable federal claims remained in this suit on remand, this Court should dismiss Claim Seven. *Id.*  Next, the D.C. Circuit noted that Claim Seven might be moot because the "District has not appealed the remand

order, plaintiffs have received substantial post-termination process, and the District has gone on

to adopt amendments to the CMPA and new emergency rules." *Id.* Finally, the D.C. Circuit

stated that "most importantly, the DCAPA's judicial review provision places exclusive

jurisdiction in the D.C. Court of Appeals to review District Agency action." *Id.*

In addition to the *per curiam* opinion, Judge Laurence H. Silberman filed a concurring

opinion in which he wrote "separately to comment more fully on [this Court's] disposition of

claim six." *Id.* at 399. Judge Silberman noted his belief that, although this Court "purported to

decide only that claim," this Court's opinion intermixed the contentions "that due process

required more specific written and published guidelines governing termination procedures" and

"that the procedures actually employed were inadequate." *Id.* at 399-400. In his concurring

opinion, Judge Silberman further stated that he believed Plaintiffs to be "incorrect in asserting

that cases raising the sort of due process issue alleged in claim six are somehow to be analyzed

outside of *Matthews v. Eldridge*," the Supreme Court case that "sets forth a framework to be

utilized in judging the adequacy of a government's *procedures* that deprive a person of life,

liberty, or property." *Id.* at 400-401 (emphasis in original). Rather, Judge Silberman explained,

he considered the focus of Claim Six to be substance rather than process, and thus not

appropriately addressed under the rubric of the Due Process Clause. *Id.* at 401.

Judge Silberman continued to discuss additional aspects of this Court's opinion which he

did not consider to implicate due process. These include "the weight to be accorded an

independent medical examiner's opinion, as to that of a beneficiary's treating physician,"

whether the District provided its rationale for termination, suspension and modification decisions

in a quasi-judicial opinion, and the "District's alleged failure to individually notify claimants of

7

statutory procedural rights." *Id.* at 401-02.  Judge Silberman stated that, to the contrary,

Plaintiffs' "claim that beneficiaries were not given an adequate pre-deprivation opportunity to

respond to the initial adverse decision – at least in writing . . . – does implicate due process." *Id.*

at 402.  Noting that "episodic failures of process do not make out a constitutional violation,"

Judge Silberman opined that "the only surviving issue . . . is whether, as a factual matter and

prior to the recent amendment of the D.C. Code, beneficiaries, as a matter of policy and normal

practice, were given an opportunity to present their case – at least in writing – prior to actual

termination of their benefits." *Id.*

Following the remand by the D.C. Circuit, this Court directed the parties to each submit a

brief statement setting forth the claims that they believed survived the D.C. Circuit's opinion.

*Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (D.D.C. Aug. 24, 2006) (Minute

Entry Order).  After receiving each party's submission, the Court held a status conference in this

matter on October 12, 2006, at which the Court did not rule on whether any viable claims

remained in this action, but directed the parties to assume for purposes of discovery that Claim

Two remained viable, and indicated that it was not inclined to exercise supplemental jurisdiction

over Claim Seven.  *See Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (D.D.C. Oct.

12, 2006) (Order).  The Court further directed the District to file a motion to dismiss in which it

addressed "the narrow question of the applicability of the legal reasoning of the United States

Court of Appeals for the District of Columbia Circuit" to Claims One, Three, Four, and Five of

the Third Amended Complaint.  *Id.*  The District filed its motion to dismiss on October 26, 2006,

Plaintiffs filed their Opposition to that motion on November 13, 2006, and the District filed its

Reply on November 27, 2006.

## II: LEGAL STANDARDS

In evaluating a motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the Court must construe the complaint in the Plaintiff's favor, it "need not accept inferences drawn by [the] plaintif[f] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the Court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

**III: DISCUSSION**

The District's motion to dismiss argues that Claim Six "is intertwined with plaintiffs' other five due process claims," and that the "D.C. Circuit's decision turned on its assessment of these claims as a whole because the issues are inextricably intertwined and interdependent." Dist. Defs.' Mot. to Dismiss Claims One, Three, Four and Five of Pls' Third Am. Compl. (hereinafter "District Mot. to Dismiss") at 5.  As such, the District argues, while "the D.C. Circuit's decision does not directly decide these claims . . . the D.C. Circuit's reasoning and ruling effectively requires dismissal of Claims One, Three, Four, and Five." *Id.*  For their part, Plaintiffs assert that the District's "motion to dismiss rests on profound misunderstandings of Claims 1, 3, 4 and 5 of the Third Amended Complaint" and confuses "these viable challenges to the process for terminating, suspending and modifying benefits with [the District's] separate failure (challenged in Claim Six) to commit their process to writing."  Pls' Mem. in Opp'n to the Dist. Defs.' Mot. to Dismiss Claims One, Three, Four, and Five of Pls' Third Am. Compl. (hereinafter "Pls' Opp'n") at 1.  The Court shall address in turn each of the claims at issue in the District's motion to dismiss, and shall then address the other claims remaining in this action.

    *A.*    *Claim One*

Claim One alleges that D.C. Code § 1-623.64(d) "on its face" violates the Due Process Clause because it does not "affor[d] beneficiaries adequate and timely notice and opportunity to demonstrate a continuing entitlement to benefits."  TAC ¶ 132.  In its motion to dismiss, the District asserts that the "gravamen of Claim One is that the statute is 'void for vagueness' because it does not set a standard," and that Claim One is therefore precluded by the D.C. Circuit's conclusion with respect to Claim Six that "the CMPA and D.C. court of appeals

decisions themselves provide ample standards." District Mot. to Dismiss at 8 (citing *Lightfoot*

*Appeal*, 448 F.3d at 398). However, as Plaintiffs note in their Opposition, Claim One does not

rest on a "void for vagueness" theory, but rather mounts a facial challenge to the CMPA based on

its failure to "provide beneficiaries *any* notice and pre-deprivation opportunity to respond." Pls'

Opp'n at 8.

Moreover, while the District is correct that the D.C. Circuit concluded that "the CMPA

and D.C. court of appeals decisions themselves provide ample standards," the D.C. Circuit did so

in response to what it perceived as the assertion within Claim Six that the Due Process Clause

imposes "a requirement of substantive standards – independent of statutory standards – that may

be used to restrict an administrative agency's decision to terminate or modify a protected liberty

or property interest." *Lightfoot Appeal*, 448 F.3d at 398. The D.C. Circuit's *per curiam* opinion

thus clearly concluded that the "best practices" employed by Defendants in making termination,

suspension and modification decisions need not be committed to writing. However, it is not at

all clear that the D.C. Circuit's conclusion with respect to Claim Six is preclusive of Claims One

through Five, particularly in light of the D.C. Circuit's express statement that it "conclude[d]

only that the district court's grant of summary judgment on claim six was error," because this

Court "ostensibly ha[d] not yet undertaken" an analysis of Claims One through Five. *Id.*

The Court does not, however, rule at this time as to whether or not Plaintiffs have a viable

claim that the CMPA is unconstitutional on its face because it does not provide notice and an

opportunity to respond before claimants' disability benefits are terminated, suspended, or

modified. Instead, the Court notes that Plaintiffs may not be able to maintain a facial challenge

to the CMPA for a reason entirely unrelated to the D.C. Circuit's opinion. Under the doctrine

11

arising out of *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d. 697 (1987),

"[a] facial challenge to a legislative Act . . . must establish that no set of circumstances exist

under which the Act would be valid." *Id.*, 481 U.S. at 745, 107 S. Ct. 2095; *see also Chem.*

*Waste Mgmt., Inc. v. United States Env't Prot. Agency*, 56 F.3d 1434, 1437 (D.C. Cir. 1995)

(finding that facial challenge was improper because the rule challenged "suffer[ed] no procedural

infirmities" in "at least one scenario"); *Amfac Resorts, L.L.C. v. United States Dep't of Interior*,

282 F.3d 818, 826 (D.C. Cir. 2002), *vacated in part on other grounds sub nom. Nat'l Park*

*Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003)

("[f]or our part, we have invoked *Salerno*'s no-set-of-circumstances test to reject facial

constitutional challenges") (citations omitted).

The Court has identified the *Salerno* doctrine during the course of its own research, and

the parties have not had the opportunity to address its application to Claim One.  As a result,

before deciding whether Plaintiffs may maintain a facial challenge to the CMPA the Court shall

allow the parties an opportunity to address this issue in further briefing.  The Court shall

therefore deny without prejudice the District's motion to dismiss Claim One, and the parties shall

file a joint proposed schedule for additional briefing on that limited issue on or before January

26, 2007.

B.      *Claim Three*

Claim Three alleges that the notices of termination, suspension or modification issued by

Defendants violated the Due Process Clause of the Fifth Amendment by inadequately and

inaccurately advising beneficiaries of various procedural rights, including the right to appeal,

right to review their case file, the nature of reconsideration review, and right to retain legal

12

counsel. *Id.* ¶¶ 135-136.  It is important, at the outset, to identify precisely the legal claim that forms the basis of Claim Three.  Claim Three does not challenge whether the CMPA itself was required to provide claimants with additional procedural rights – those issues are addressed in Claims One and Two.  Nor does Claim Three assert that claimants were denied procedural rights afforded them under the CMPA.[3]  Rather, Claim Three argues that, as a matter of constitutional law, the notices that claimants received were required to advise claimants of their procedural rights.

The Court will first address Plaintiffs' contention that the notices provided to claimants were required to inform claimants that they could review their case files.  In connection with this aspect of Claim Three, the District asserts that Plaintiffs are required to, but cannot, establish that claimants were denied access to case files as a matter of policy.  District Mot. to Dismiss at 9 (citing *Lightfoot Appeal*, 448 F.3d at 402 n.4 (Silberman, J., concurring)).  The District maintains that Plaintiffs' allegation that claimants were denied access to case files is contradicted by the Declaration of Alonso Patterson, submitted in support of the District's opposition to Plaintiffs' motion for preliminary injunction, which states that "[t]he claimant may see his or her case file at

---

[3] The Court notes that Plaintiffs have not yet articulated an argument that any alleged deprivations of the procedural rights afforded claimants under the CMPA constituted a violation of the Due Process Clause.  Nor would Plaintiffs be likely to prevail on such an argument in connection with Claim Two because courts have repeatedly held that "a breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause." *Atencio v. Board of Educ. of Penasco Indep. Sch. Dist. No. 4*, 658 F.2d 774, 779 (10th Cir. 1981); *see also Vanover v. Hartman*, 77 F. Supp. 2d 91, 103-04 (D.D.C. 1999); *McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990) ("A breach of procedural requirements does not create a due process violation unless an individual was 'denied a fair forum for protecting his state rights.'") (citing *Atencio*, 658 F.2d at 779-80); *Goodrich v. Newport News Sch. Board*, 743 F.2d 225, 227 (4th Cir. 1984) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.") (citing *Atencio*).

any time (with the exception of internal memorandums), upon reasonable notice to the Program."

*Id*.

Insofar as Plaintiffs allege that individual claimants were denied access to their case files, those allegations will be fully addressed via Claim Two – Plaintiffs' as applied challenge to the CMPA.  In contrast, Claim Three asserts that the notices claimants received were insufficient because they failed to advise claimants that they could access their case files.  However, as the Supreme Court has explained:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . [b]ut if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15, 70 S. Ct. 652, 94 L. Ed. 2d. 865 (1950).  Here, the notices that claimants received stated in capital letters "Your Disability Compensation Clam for Benefits is Hereby Denied/Terminated For the Following Reason(s) Indicated Below," advised claimants that they could request reconsideration of the decision, and alerted them, either in capital letters or under the heading "hearing rights," to the fact that such reconsideration had to be requested within 30 days of the date of the decision.  *See* Pls' Opp'n; Ex. 2 (Notice of Determination by Examiner Form); Ex. 3 (Final Order of Denial Form).  The notices thus informed claimants (1) that an action affecting their disability benefits had been taken; (2) that they had an opportunity to present their objections to the action taken; and (3) that if they failed to do so within 30 days, the action would become final.[4]  As such, the Court cannot

---

[4] Plaintiffs cite no cases in support of their argument that the notices provided to claimants failed to comport with due process because they did not "offer much guidance on

conclude that, as a matter of constitutional law, the notices failed to comport with due process because they did not advise claimants that they could access their case files.

Plaintiffs also argue that the notices were otherwise deficient because they did not inform claimants of their right to appeal and right to representation.  This argument is even more tenuous because, as the District points out, the CMPA itself provided claimants with statutory notice of these procedural rights.  *See* District Mot. to Dismiss at 8-9 (citing D.C. Code §§ 1-623.28(a)-(b) and § 1-637.27(a)).  Plaintiffs are thus incorrect in asserting that the District's reliance on the CMPA is unsupported because the D.C. Code contained no mention of these procedural rights during the relevant period.  Pls' Opp'n at 12.  Plaintiffs are correct that D.C. Code § 1-623.24, which since its amendment describes claimants' procedural rights under the CMPA, did not itself contain such a description prior to its amendment.  However, the other sections of the CMPA to which the District cites, D.C. Code §§ 1-623.27 and 1-623.28, did, during the relevant time period, inform claimants of their right to representation, right to a hearing before DOES, and right to appeal a decision by DOES to the D.C. Court of Appeals.

In light of the fact that claimants were provided statutory notice of their procedural rights under the CMPA, Plaintiffs cannot base a constitutional due process claim on their argument that they were entitled to additional, individual, notice of certain procedural rights.  *Cf. City of West Covina v. Perkins*, 525 U.S. 234, 240-41, 119 S. Ct. 678, 142 L. Ed. 2d 636 (1999) (owners of

---

reconsideration review apart from a deadline," Pls' Opp'n at 11 n.3, nor is the Court aware of such authority.  Moreover, as the notices adequately advised claimants that they had a right to reconsideration and that they could provide additional information pertinent to their claim for disability benefits, *see* Pls' Opp'n; Exs. 2 and 3, the Court declines to find that the notices were constitutionally infirm because they did not provide a detailed description of the reconsideration review process.

property seized pursuant to search warrants were entitled to individualized notice of police seizure of property but not to individualized notice of procedures for return of property, which were "established by published, generally available state statutes and case law.  Once the property owner is informed that his property has been seized, he can turn to these public sources to learn about the remedial procedures available to him.") (citing *Atkins v. Parker*, 472 U.S. 115, 131, 105 S. Ct. 2520, 86 L. Ed. 2d. 81 (1985) for the proposition that "[t]he entire structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny.").

The cases that Plaintiffs cite in defense of Claim Three are not to the contrary.  In *Thompson v. Roob*, No. 1:05-cv-0636, 2006 WL 2990426 (S.D. Ind. Oct. 19, 2006), the court found that Medicaid notices violated the Due Process Clause where they contained "both the correct and incorrect eligibility standards" because there was "a high likelihood of conflation or misunderstanding of what the statutory standard actually is."  *Id.* at *7-8.[5]  Here, however, Plaintiffs do not allege that the notices contained incorrect information, rather they allege that the notices provided insufficient information.  Nor do Plaintiffs allege that the notices they received did not sufficiently inform them of the finality of the termination, suspension or modification decisions or the consequences of failing to seek reconsideration review.  Such was the situation

---

[5] The Court notes that, in reaching this conclusion, the *Thompson v. Roob* court relied in part on *White v. Roughton*, 530 F.2d 750, 753 (7th Cir. 1976), a case on which this Court also relied in granting Plaintiffs summary judgment as to Claim Six.  2006 WL 2990426 at *7.  The D.C. Circuit reversed this Court's grant of summary judgment as to Claim Six, however, and in his concurring opinion Judge Silberman seriously questioned whether *White* is still valid persuasive precedent in this Circuit.  *See Lightfoot Appeal*, 448 F.3d at 401 ("*Holmes* and *White* are not only irrelevant to this case, they were also wrongly decided and simply do not survive the *Matthews v. Eldridge* era.").  As such, this Court finds *Thompson v. Roob* to be of questionable persuasive value, at best.

in many of the inapposite cases on which Plaintiffs rely.  *See, e.g.*, *C.M. ex rel. J.M. v Board of Educ. of Henderson County*, 241 F.3d 374, 386-88 (4th Cir. 2001) (letters to parents were insufficient to trigger commencement of time limitations for filing a request for due process hearing because they did not provide notice that school authorities had reached a conclusive decision); *Gonzales v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990) (notice of termination of disability benefits which did not accurately state how claimant could appeal initial decision was insufficient because it did "not clearly indicate that if no request for reconsideration is made, the determination is final.").

Moreover, while Plaintiffs cite cases that demonstrate that in the context of Social Security benefits claimants are entitled to individualized notice of their right to counsel, those cases discuss that entitlement as one deriving from claimants' statutory rights, not from their due process rights under the Fifth Amendment to the United States Constitution.  *See, e.g.*, *Wilks v. Apfel*, 113 F. Supp. 2d 30, 34 (D.D.C. 2000).  Indeed, in his concurring opinion, Judge Silberman dismissed as "border[ing] on the frivolous" Plaintiffs' claim that the notices violated the Due Process Clause by failing to "individually notify claimants of statutory procedural rights," finding that the "statute itself is quite adequate, if not the most desirable notice."  *Lightfoot Appeal*, 448 F.3d at 402.  The Court agrees that Plaintiffs cannot maintain a claim for violation of their constitutional right to due process based on the alleged insufficiencies of the individual notices they received, and shall therefore grant the District's motion to dismiss as to Claim Three of the Third Amended Complaint.

C.      *Claim Four*

In Claim Four, Plaintiffs allege that the notices issued by Defendants violate the Due

17

Process Clause because they provide an insufficient and inadequate explanation of the basis for the termination, suspension, or modification, by failing to include the rationale for the decision, a statement of facts, and the evidence and legal standard relied upon.  TAC ¶¶ 137-138.  The District argues that Claim Four should be dismissed because it "is simply not feasible to develop detailed rules governing the individual rationales in the decision making process," and claims adjusters must therefore rely on "best practices" in making termination, suspension and modification decisions.  District Mot. to Dismiss at 10.  The District further contends that Claim Four is precluded by Judge Silberman's statement that "[t]he quality of an agency's reasoning is decidedly not a process issue."  *Lightfoot Appeal*, 448 F.3d at 401 (Silberman, J., concurring).

Plaintiffs respond by asserting that the District misunderstands Claim Four.  According to Plaintiffs, they do not challenge the "'quality' of the [District's] 'reasoning,' they challenge the [District's] failure to explain that reasoning to beneficiaries or provide the relevant underlying documents."  Pls' Opp'n at 18-19.  Focusing on certain categories of beneficiaries who allegedly received no written notice at all, Plaintiffs point to the D.C. Circuit opinion's acknowledgment that "[i]t may well be the case that an agency that terminates . . . statutorily-entitled benefits without any *reason* violates due process, because that would deprive a beneficiary of the capacity to challenge the termination."  *Id.* (citing *Lightfoot Appeal*, 448 F.3d at 398 (*per curiam*)).  However, insofar as class members who received no written notice have potentially valid due process claims, those claims will be addressed in connection with Claim Two, Plaintiffs' as applied challenge to the CMPA.  Moreover, beneficiaries who received no written notice at all clearly lack standing with respect to Claim Four, which is based on alleged deficiencies within the notices.

As to those class members who did receive written notice, Plaintiffs argue that those notices were not adequate because they were not "reasonably calculated to apprise the claimants of the action taken and afford them an opportunity to present their objections."  Pls' Opp'n at 18. By way of example, Plaintiffs describe and append the notice furnished to class representative Germaine Lee-Williams, which states, "Independent Medical Exam performed on 6/10/99 by Dr. Stephen Matz found that you are capable of returning to your pre-injury employment and require no further treatment relative to the work related incident of 9/3/92."  *Id.* at 19 (citing Pls' Opp'n Ex. 5, Attachment 1).  Plaintiffs assert that this notice was insufficient because it did not provide Ms. Lee-Williams with the report, notify her of a right to access the report, explain the basis for Dr. Matz's determination, disclose what other evidence the District reviewed in arriving at their termination decision, explain why the District credited Dr. Matz's judgment over that of Ms. Lee-Williams' treating physician, or disclose the legal standard employed to make the determination."  *Id.* at 19.

In support of this argument, Plaintiffs cite to the D.C. Circuit's statement in *Gray Panthers v. Schweiker*, 652 F.2d 146 (1980) that:

> Unless a person is adequately informed of the reasons for denial of a legal interest, a hearing serves no purpose and resembles more a scene from Kafka than a constitutional process.  Without notice of the specific reasons for the denial, a claimant is reduced to guessing what evidence can or should be submitted in response and driven to responding to every possible argument against denial at the risk of missing the critical one altogether.

*Id.*, 652 F.2d at 168; *see* Pls' Opp'n at 19-20.  However, in that case the D.C. Circuit addressed a Medicare notice which did not specify which of "two basically different causes for denial" of benefits permissible under the pertinent regulations applied to the claimant's particular case.

19

*Grey Panthers*, 652 F.2d at 174-75.  As such, plaintiffs were not adequately informed as to why they were actually denied Medicare benefits.

In contrast, here it appears that claimants received a description, albeit brief, of the grounds on which the termination, suspension or modification decision was based.  For instance, the notice sent to Ms. Lee-Williams identifies the particular Independent Medical Exam on which the decision was based, and informs Ms. Lee-Williams that the exam indicated that she was capable of returning to her pre-injury employment and required no further treatment relative to her work-related injury.  *See* Pls' Opp'n Ex. 5, Attachment 1.  This notice provided Ms. Lee-Williams sufficient information from which she could conclude that, in contesting the termination decision, she would have to provide medical evidence demonstrating her inability to return to work or that she required continued treatment relative to her work-related injury.

The Court understands Plaintiffs' belief that additional information might have aided Ms. Lee-Williams and other claimants in opposing what they viewed as erroneous termination, suspension or modification decisions.  Nevertheless, the Court cannot conclude that, as a matter of constitutional law, the notices failed to comport with due process because they did not provide more detailed discussions of the evidence and analysis underlying the termination, suspension or modification decisions.  As Judge Silberman's concurring opinion states, "so long as the District made available the medical examiner's report[6] and identified the prognosis on which its change-of-condition determination was based – so that a claimant could adequately respond – that the

_____

[6] As discussed above, while Plaintiffs allege that the notices provided to claimants insufficiently advised them that they could access their case files, it appears that claimants were, as a matter of policy, afforded such access.  *See* District Mot. to Dismiss at 9; *Lightfoot Appeal*, 448 F.3d at 402 n.4 (Silberman, J., concurring).  Moreover, if individual Plaintiffs were, in fact, denied access to their case files, those claims will be addressed in connection with Claim Two.

District did not provide a quasi-judicial opinion hardly implicates due process." *Lightfoot Appeal*, 448 F.3d at 402 (Silberman, J., concurring).  The Court shall therefore grant the District's motion to dismiss as to Claim Four of the Third Amended Complaint.

      D.      *Claim Five*

      Claim Five alleges that Defendants failed to engage in reasoned decision-making, in violation of the Due Process Clause. *Id.* ¶¶ 139-140.  In its motion to dismiss, the District gives Claim Five short shrift, asserting that it "focuses on the adequacy of the agency's decision and is indistinguishable from Claim Four."  District Mot. to Dismiss at 10.  Plaintiffs attempt to rebut this assertion by arguing that Claim Five does not "employ a Due Process theory to seek a review of the substantive weight that the Defendants should accord to [Independent Medical Examinations] and other forms of evidence to restrict agency decision making."  Pls' Opp'n at 21.  Instead, Plaintiffs argue, Claim Five challenges "Defendants' acknowledged practice of ignoring all evidence of record except [Independent Medical Examinations] that support a termination decision."  *Id.*

      Plaintiffs' semantics clearly attempt to avoid Judge Silberman's comment in his concurring opinion that "[t]he quality of an agency's reasoning is decidedly not a process issue." *Lightfoot Appeal*, 448 F.3d at 401 (Silberman, J., concurring).  However, Plaintiffs' efforts are unsuccessful because constitutional due process is not implicated even if, as Plaintiffs allege, Defendants based their termination, suspension or modification decisions only on Independent Medical Examinations.  Due process requires that an individual receive notice and an opportunity to be heard before being finally deprived of a property interest.  *See Matthews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d. 18 (1976).  In contrast, "the weight to be accorded an

21

independent medical examiner's opinion, as opposed to that of a beneficiary's treating physician," and the reasonableness of an agency's ultimate decision are "substantive question[s] of compliance with the [CMPA] and perhaps the DCAPA." *Lightfoot Appeal*, 448 F.3d at 401 (Silberman, J., concurring).  The Court shall therefore grant the District's motion to dismiss Claim Five of the Amended Complaint.

      E.    *Claims Remaining in This Action*

At the October 12, 2006 status conference in this matter, the Court instructed the parties to treat Claim Two as viable, and discovery on that claim is currently ongoing.  As noted throughout this opinion, Claim Two will encompass Plaintiffs' various allegations that the CMPA, as applied, actually denied claimants constitutional due process in connection with the termination, suspension or modification of their disability benefits.  In addition, as described above, in the Order accompanying this opinion, the Court shall allow the parties to file a joint proposed schedule for additional briefing on the limited question of whether the *Salerno* doctrine precludes Plaintiffs from mounting a facial challenge to the CMPA.

As the Court shall dismiss Claims Three through Five for the reasons set forth above and Claim Six is precluded based on the D.C. Circuit's opinion on appeal, the sole claim against the District that remains unaddressed is Claim Seven.[7]  Claim Seven alleges that the District's implicit adoption of unwritten practices without public notice and comment violates the District of Columbia Administrative Procedure Act.  TAC ¶¶ 143-144.  As described above, the D.C. Circuit remanded Claim Seven to this Court for reconsideration of this Court's decision to

---

[7] Also remaining is Claim Eight, in which Plaintiffs allege that Defendant CLW/CDM materially breached its contract with the District, to which Plaintiffs are a third party beneficiary. TAC ¶¶ 145-146.

exercise supplemental jurisdiction over Claim Seven.  *Lightfoot Appeal*, 448 F.3d at 399 (*per curiam*).  Notwithstanding the fact that viable federal claims remain in this suit, the Court shall decline to exercise supplemental jurisdiction over this claim because, as the D.C. Circuit correctly noted, "the DCAPA's judicial review provision places exclusive jurisdiction in the D.C. Court of Appeals to review District Agency action."  *Id.*; *see also Fair Care Found. v. District of Columbia Dep't of Ins. and Sec. Reg.*, 716 A.2d 987, 997 (D.C. 1998) (the D.C. Court of Appeals "maintains exclusive jurisdiction over challenges to administrative actions" and "one of the key purposes of the District of Columbia Administrative Procedure Act was to reform and systemize the channels of judicial review of administrative actions.") (citation omitted).  The Court shall therefore dismiss Claim Seven of the Third Amended Complaint, in addition to dismissing Claims Three, Four, and Five.

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant the District's motion to dismiss as to Claims Three, Four, and Five of the Third Amended Complaint and shall deny without prejudice the District's motion to dismiss as to Claim One of the Third Amended Complaint.  The Court shall also decline to exercise supplemental jurisdiction over Claim Seven, and shall therefore dismiss without prejudice that claim.  In order to allow the parties the opportunity to address the application of *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, to Claim One of the Third

Amended Complaint, the Court shall order the parties to submit a joint proposed schedule for

additional briefing on that limited issue on or before January 26, 2007.

Date:   January 16, 2007

                                         /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge