UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH LIGHTFOOT, *et al.*,

   Plaintiffs,

     v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 01-1484 (CKK)

**MEMORANDUM OPINION**
(April 10, 2007)

Currently pending before the Court is the Renewed Motion to Dismiss Count One of Plaintiffs' Third Amended Complaint brought by Defendant, the District of Columbia (hereinafter the "District"). On January 16, 2007, the Court issued a Memorandum Opinion and Order granting the District's motion to dismiss Claims Three, Four, and Five of the Third Amended Complaint. *Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (D.D.C. Jan. 16, 2007) (hereinafter "Slip Op."). In that same Memorandum Opinion and Order, the Court denied without prejudice the District's motion to dismiss Claim One of the Third Amended Complaint in order to allow the parties the opportunity to address the application of *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d. 697 (1987), to that Claim. Upon a searching review of the District's Renewed Motion to Dismiss, which addresses the application of *Salerno* to Claim One of the Third Amended Complaint, Plaintiffs' Memorandum in Opposition, the District's Reply, the relevant case law, and the entire record herein, the Court concludes that Plaintiffs have not met their "heavy burden" under *Salerno* of establishing that "no set of circumstances exists under which the [Comprehensive Merit Personnel Act of 1978

("CMPA")] would be valid." *Salerno*, 481 U.S. at 745, 107 S. Ct. 2095. As such, the Court shall dismiss Claim One of the Third Amended Complaint.

## I: BACKGROUND

This case has been the subject of numerous opinions and orders of this Court as well as of the Court of Appeals for the District of Columbia Circuit. As such, the Court shall recite herein only those facts that are relevant to the motion to dismiss currently before the Court and shall assume familiarity with the factual background of this case.[1] Plaintiffs, a class of former District of Columbia employees, challenge the policies and procedures applied to terminate, suspend, and modify their disability compensation benefits pursuant to Title 23 of the District of Columbia Comprehensive Merit Personnel Act ("CMPA") of 1978, as it existed prior to April 5, 2005.

Plaintiffs' Third Amended Complaint includes eight claims. Claim One mounts a facial challenge to the CMPA, alleging that the statute violates the Due Process Clause of the Fifth Amendment to the United States Constitution because it does not afford "beneficiaries adequate and timely notice and opportunity to demonstrate a continuing entitlement to benefits." Third Am. Compl. (hereinafter "TAC") ¶¶ 131-132. Claim Two alleges that, as applied, the CMPA violates the Due Process Clause. *Id.* ¶¶ 133-134. Claim Three alleges that the notices of termination, suspension, or modification issued by Defendants violate the Due Process Clause because they inadequately and inaccurately advise beneficiaries of various procedural rights, including the right to appeal, right to review their case file, the nature of reconsideration review,

---

[1] For a detailed discussion of the factual background of this case, *see Lightfoot v. District of Columbia*, 339 F. Supp. 2d 78, 80-87 (D.D.C. 2004) (granting summary judgment as to Claims VI and VII of Third Amended Complaint), *rev'd on appeal*, 448 F.3d 392 (D.C. Cir. 2006) (hereinafter "*Lightfoot Summary Judgment Opinion*"); *see also Lightfoot v. District of Columbia*, 448 F.3d 392, 394-95 (D.C. Cir. 2006) (hereinafter "*Lightfoot Appeal*"); Slip Op. at 2-8.

and right to retain legal counsel. *Id.* ¶¶ 135-136. Claim Four alleges that the notices issued by Defendants violate the Due Process Clause because they provide an insufficient and inadequate explanation of the basis for the termination, suspension, or modification, by failing to include the rationale for the decision, a statement of facts, and the evidence and legal standard relied upon. *Id.* ¶¶ 137-138. Claim Five alleges that Defendants failed to engage in reasoned decision-making, in violation of the Due Process Clause. *Id.* ¶¶ 139-140. Claim Six alleges that the Defendant's failure to adopt written standards governing the termination, suspension, or modification of benefits violates the Due Process Clause. *Id.* ¶¶ 141-142. Claim Seven alleges that the District's implicit adoption of unwritten practices without public notice and comment violates the District of Columbia Administrative Procedure Act. *Id.* ¶¶ 143-144. Finally, Claim Eight alleges that Defendant CLW/CDM materially breached its contract with the District, to which Plaintiffs are a third party beneficiary. *Id.* ¶¶ 145-146.

In its September 24, 2004 Memorandum Opinion and Order, this Court granted Plaintiffs' motion for partial summary judgment as to Claims Six and Seven. The Court subsequently denied the District's motion for reconsideration in its January 28, 2005 Memorandum Opinion and Order. *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414 (D.D.C. 2005). On appeal, the D.C. Circuit reversed this Court's grant of summary judgment as to Claim Six, and remanded Claim Seven – the DCAPA claim – back to this Court for reconsideration of this Court's decision to exercise supplemental jurisdiction over that claim. *Lightfoot Appeal* at 397-99. In addition to the *per curiam* opinion, Judge Laurence H. Silberman filed a concurring opinion in which he wrote "separately to comment more fully on [this Court's] disposition of claim six." *Id.* at 399.

3

Following the remand by the D.C. Circuit, this Court directed the parties to each submit a brief statement setting forth the claims that they believed survived the D.C. Circuit's opinion. *Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (D.D.C. Aug. 24, 2006) (Minute Entry Order). After receiving each party's submission, the Court held a status conference in this matter on October 12, 2006, at which the Court did not rule on whether any viable claims remained in this action, but directed the parties to assume for purposes of discovery that Claim Two remained viable, and indicated that it was not inclined to exercise supplemental jurisdiction over Claim Seven. *See Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (D.D.C. Oct. 12, 2006) (Order). The District subsequently filed a motion to dismiss Claims, One, Three, Four, and Five of the Third Amended Complaint. In its January 16, 2007 Memorandum Opinion and Order, the Court granted the District's motion to dismiss as to Claims Three, Four, and Five of the Third Amended Complaint. Slip Op. at 12-22.

As to Claim One, the Court indicated that the D.C. Circuit's conclusion with respect to Claim Six that "the CMPA and D.C. court of appeals decisions themselves provide ample standards," *Lightfoot Appeal*, 448 F.3d at 398, did not appear to preclude Claim One of the Third Amended Complaint. Slip Op. at 10-11. However, the Court noted that Plaintiffs might not be able to maintain Claim One, in which Plaintiffs mount a facial challenge to the CMPA, based on the doctrine arising out of *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1985), which provides that "[a] facial challenge to a legislative Act . . . must establish that no circumstances exist under which the Act would be valid." Slip Op. at 11-12 (citing *Salerno*, 481 U.S. at 745, 107 S. Ct. 2095). In light of the fact that the Court identified the *Salerno* doctrine during the course of its own research, such that the parties had not had the opportunity

to address its application to Claim One, the Court denied the District's motion to dismiss Claim One without prejudice in order to allow the parties to brief the issue of *Salerno*'s application to Claim One.

The District filed its Renewed Motion to Dismiss Claim One of Plaintiffs' Third Amended Complaint on February 23, 2007. Plaintiffs filed their Memorandum in Opposition to the District's renewed motion to dismiss on March 9, 2007, and the District filed its Reply on March 16, 2007. Thereafter, on March 23, 2007, Plaintiffs filed a Motion for Leave to File a Sur-Reply in opposition to the District's renewed motion to dismiss, along with their proposed Sur-Reply. On March 28, 2007, the District responded to Plaintiffs' Motion for Leave to File a Sur-Reply by indicating that the District would provide a substantive response to Plaintiffs' proposed Sur-Reply in the event that the Court granted Plaintiffs leave to file that Sur-Reply.

## II: LEGAL STANDARDS

In evaluating a motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the Court must construe the complaint in the Plaintiff's favor, it "need not accept inferences drawn by [the] plaintif[f] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the

Court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III: DISCUSSION

Claim One of the Third Amended Complaint alleges that, on its face, the CMPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution because it does not afford "beneficiaries adequate and timely notice and opportunity to demonstrate a continuing entitlement to benefits." TAC ¶¶ 131-132. The District's renewed motion to dismiss argues that Claim One must be dismissed pursuant to the standard articulated in *Salerno* because the "procedures used by the District to terminate, suspend, or modify disability benefits owing to a change in a government employee's condition comport with due process." Renew. Mot. to Dismiss at 3. As Plaintiffs correctly argue in their Opposition, the District's renewed motion to dismiss somewhat misses the mark because the District attempts to defend against Plaintiffs' *facial* challenge to the CMPA by pointing to procedures allegedly employed by the District in *applying* the CMPA. While the District's arguments may be germane to Claim Two of the Third

Amended Complaint – Plaintiffs' claim that, as applied, the CMPA violates the Due Process Clause, *see* TAC ¶¶ 133-134 – the procedures that may have been employed in *applying* the CMPA are not relevant to Plaintiffs' claim that the CMPA violates the Due Process Clause *on its face*. Nevertheless, the District is correct that, under *Salerno*, Plaintiffs must carry a "heavy burden" of establishing that "no set of circumstances exist under which the [CMPA] would be valid" in order to mount a facial challenge to the CMPA. *Salerno*, 481 U.S. at 745, 107 S. Ct. 2095. The Court concludes that Plaintiffs have not met this burden, and shall therefore dismiss Claim One of the Third Amended Complaint.

> In *United States v. Salerno*, the Supreme Court stated that
>
> A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the . . . Act might operate unconstitutionally under some circumstances is insufficient to render it wholly invalid, since we have not recognized an "overbreadth" doctrine outside the limited context of the First Amendment.

*Id.* The D.C. Circuit has since "invoked *Salerno*'s no-set-of-circumstances test to reject facial constitutional challenges." *Amfac Resorts, L.L.C. v. United States Dep't of Interior*, 282 F.3d 818, 826 (D.C. Cir. 2002), *vacated in part on other grounds sub nom. Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003) (citing *James Madison Ltd., by Hecht v. Ludwig*, 82 F.3d 1085, 1101 (D.C. Cir. 1996); *Chemical Waste Mgmt. v. EPA*, 56 F.3d 1434, 1437 (D.C. Cir. 1995); *Steffan v. Perry*, 41 F.3d 677, 693 (D.C. Cir. 1994) (en banc)); *see also Nebraska v. EPA*, 331 F.3d 995, 998-99 (D.C. Cir. 2003).

> Here, the District argues that the *Salerno* doctrine is dispositive of Claim One because
>
> The undisputed evidence shows that the District provides the following pre-termination procedural safeguards: (1) a written determination by a claims

7

  examiner stating the reasons for the decision; (2) notice to the employee of the
employees's right to obtain reconsideration of the initial decision to terminate,
suspend, or modify benefits before the decision becomes final and to provide any
additional information; (3) the right to representation; (4) the right of the
employee to have access to the employee's case file upon reasonable notice; (5) A
[sic] post-deprivation hearing before [the Department of Employment Services];
and (6) judicial review before the D.C. Court of Appeals.

Renew. Mot. to Dismiss at 3-4 (citations omitted).[2] However, as Plaintiffs argue in their Opposition, even if the District in fact provided certain procedural safeguards as a matter of course in *applying* the CMPA, the CMPA might be unconstitutional if, *on its face*, it does not contain adequate pre-deprivation procedural safeguards. The District's argument in support of its renewed motion to dismiss thus fails to demonstrate that Plaintiff's facial challenge must be dismissed under the *Salerno* doctrine.

  Nevertheless, the District is correct in maintaining that, under *Salerno*, Plaintiffs bear the "heavy burden of establishing that no set of circumstances exists under which the [CMPA] would be valid," and that the burden does not, as Plaintiffs suggest, shift to the District "to prove circumstances under which the statute's application would be unconstitutional." Dist. Reply at 1 (citing *Salerno*, 481 U.S. at 745, 107 S. Ct. 2095; Pls.' Opp'n at 6). Rather, D.C. Circuit precedent makes clear that the burden rests with the party mounting a facial challenge to the constitutionality of a statute. *See Chemical Waste Mgmt.*, 56 F.3d at 1437; *Nebraska v. EPA*, 331 F.3d at 998.[3]

---

  [2] The Court notes that Plaintiffs strongly contest the District's assertion that it, in fact, provided these pre-deprivation procedural safeguards as a matter of course, and assert that that assertion is the subject of discovery currently underway with respect to Claim Two of the Third Amended Complaint. *See* Pls.' Opp'n at 8-9.

  [3] In their Opposition, Plaintiffs briefly assert that the "continued viability of *Salerno* is not free from doubt" because in the plurality opinion in *City of Chicago v. Morales*, 527 U.S. 41,

D.C. Circuit precedent also makes clear that Plaintiffs have not carried their "heavy burden" in mounting a facial challenge to the CMPA. In *Chemical Waste Management v. EPA*, the D.C. Circuit addressed a facial challenge to the EPA's off-site rule on the acceptability of facilities to receive hazardous waste removed from superfund sites. *Chemical Waste Mgmt.*, 56 F.3d 1434. Under the EPA's off-site rule, either a state or the EPA makes a finding that a facility has violated the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6924-6925 (1988). *Id.* at 1435. If the EPA decides that the violation is relevant, it notifies the facility that it has made an initial determination of "unacceptability," and provides the basis for the initial determination. *Id.* The affected facility can then request an informal conference or may submit written comments, and the facility bears the burden of proving its acceptability. *Id.* However, "[u]nless the EPA determines the information provided is adequate to support a finding of acceptability, the facility becomes 'unacceptable' on the 60th day after the initial notice," after which the facility may request reconsideration by the EPA Regional Administrator. *Id.* at 1435-36. The EPA's off-site rule at issue in *Chemical Waste Management* thus operates similar to the CMPA, insofar as the CMPA involves an initial determination that an employee's benefits are subject to modification, notice to the employee of that determination, and a post-determination hearing on the employee's claim of entitlement to benefits, at which the employee may present

---

119 S. Ct. 1849, 144 L. Ed. 2d 67 (1999), Justice Stevens observed that the "*Salerno* formulation . . . has never been the decisive factor in any decision of this Court." Pls.' Opp'n at 5 (citing *Morales*, 527 U.S. at 55 n. 22, 119 S. Ct. 1849). However, as Judge John D. Bates stated in rejecting a similar argument in *General Electric Company v. Johnson*, 362 F. Supp. 2d 327 (D.D.C. 2005), the D.C. Circuit "has continued to apply *Salerno* in appropriate circumstances" and it "is not for this Court to disregard D.C. Circuit application of Supreme Court precedent simply because some Justices have expressed passing concern about aspects of *Salerno*." *Id.* at 344 (citing *Nebraska v. EPA*, 331 F.3d at 998).

evidence. *See* Pls.' Opp'n at 2-3 (citing D.C. Code §§ 1.624.24(b) and (d)).

In *Chemical Waste Management*, the D.C. Circuit determined that it was "unable to reach the merits" of the facial challenge to the EPA's off-site rule because the petitioners in that case had "not made a proper facial challenge." 56 F.3d at 1437. Citing *Salerno*, the D.C. Circuit stated:

> We discern at least one scenario where the off-site rule would be procedurally valid. The rule suffers no procedural infirmities where a facility does not dispute the initial finding of unacceptability. Under such circumstances, the procedural safeguards petitioners allege are lacking become unnecessary for the simple reason that the facility is not challenging the finding in any respect. While this hypothetical scenario may not be common, it is sufficient to establish that petitioners' facial challenge must fail. Consequently, if petitioners are to succeed, they must bring a constitutional challenge as applied specifically to them.

*Id.* The D.C. Circuit's logic applies with equal force here because the CMPA would suffer no procedural infirmities where an employee does not dispute the initial determination that a change of condition has occurred requiring a modification of benefits.

In addition, in its Reply, the District argues that Plaintiffs cannot meet their burden under *Salerno* because the language of the CMPA "expressly describes the process that must take place before a decision [to modify benefits] is final." Dist. Reply at 4.[4] As it existed prior to April 5,

---

[4] Claiming that the District has never before asserted that the CMPA on its face provides for pre-deprivation process, Plaintiffs have filed a Motion for Leave to File a Sur-Reply as well as a proposed Sur-Reply, in which they argue that the CMPA does not provide for pre-deprivation process. Mot. for Leave to File Sur-Reply; Sur-Reply. Notwithstanding Plaintiffs' claim to the contrary, the District has previously argued that beneficiaries were provided with "written notice of the right to obtain reconsideration of the initial decision and to provide any additional information before the decision becomes final." Mot. to Dismiss at 5-6; *see also Lightfoot v. Dist. of Columbia*, Civil Action No. 01-1484, (D.D.C. Oct. 29, 2001) (Memorandum Opinion denying Plaintiffs' motion for a preliminary injunction) at 14-16. The District's Reply in support of the instant motion thus addresses the application of *Salerno* to Claim One of the Third Amended Complaint by resurrecting an argument previously advanced by the District. As such, Plaintiffs' proposed sur-reply, which responds to an argument that the District has made

2005, the CMPA provided:

> If the Mayor or his or her designee has reason to believe a change of condition has occurred, the Mayor or his or her designee may modify the award of compensation under the procedures of subsection (a) of this section. Where the Mayor or his or her designee has modified an award of compensation, the claimant shall have the right to a hearing under subsection (b) of this section. Within 30 days after the hearing, the Director of the Department of Employment Services shall notify the claimant, the Corporation Counsel, and the Office of Personnel in writing of his or her decision and the basis of the decision. The claimant shall have the right to seek review of the decision under § 1-623.28 within 30 days of the issuance of this decision.

D.C. Code § 1-623.24(d). Plaintiffs assert that this provision does not encompass pre-deprivation process because "nothing . . . in the pre-2005 statutes required that benefits continue for a single day past the initial modification decision." Pl.'s Sur-Reply at 4. Plaintiffs are correct in this assertion, however it is equally true that the CMPA, on its face, does not preclude the District from continuing to provide disability benefits during the 30-day period in which a beneficiary may request a hearing and prior to the Director of the Department of Employment Services' post-hearing "final" decision. Thus, on its face, the CMPA does not preclude beneficiaries from receiving pre-deprivation notice and an opportunity to be heard.

As such, the Court concludes that Plaintiffs have not, as they must, met their "heavy burden" under *Salerno* of establishing that "no set of circumstances exist under which the [CMPA] would be valid." *Salerno*, 481 U.S. at 745, 107 S. Ct. 2095. Plaintiffs therefore cannot

---

consistently throughout the proceedings in this action, is not, strictly speaking, the proper subject of a sur-reply. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). ("A surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond.") Nevertheless, in the interest of justice, the Court shall grant Plaintiffs' Motion for Leave to File Sur-Reply, and shall consider Plaintiffs' proposed sur-reply. The Court does not, however, consider it necessary for the District to respond to Plaintiffs' sur-reply, insofar as that sur-reply simply responds to the District's resurrection of its previous argument.

maintain their facial challenge to the CMPA, and the Court shall dismiss Claim One of the Third Amended Complaint.  In so doing, however, the Court notes that in the instant round of briefing the parties advanced a number of arguments that are more properly considered in the context of Claim Two – Plaintiffs' as applied challenge to the CMPA – than in the context of Claim One – Plaintiffs' facial challenge to the CMPA.  Claim Two remains viable and is the subject of currently ongoing discovery.  As such, insofar as the parties dispute the constitutionality of the *application* of the CMPA, the Court reserves any decision on the parties' arguments until such time as they can properly be considered in the context of Claim Two.

### IV: CONCLUSION

For the foregoing reasons, the Court shall grant the District's renewed motion to dismiss Claim One of Plaintiffs' Third Amended Complaint, and shall dismiss Claim One in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Date:   April 10, 2007

> _/s/_
> COLLEEN KOLLAR-KOTELLY
> United States District Judge