# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELIZABETH LIGHTFOOT, *et al.*,

   Plaintiffs,

    v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 01-1484 (CKK)

## MEMORANDUM OPINION
(June 26, 2009)

This matter now comes before the Court six years after the death of Plaintiff and Class Representative Elizabeth Lightfoot ("E. Lightfoot").  Ms. E. Lightfoot died on January 8, 2003 and, although the fact of her death appears to have been commonly known among the parties to the instant lawsuit, no formal suggestion of death or motion for substitution was filed in the intervening years.  On May 15, 2009, the Defendant District of Columbia (the "District") filed its [400] Amended Motion to Dismiss Decedent Plaintiff Elizabeth Lightfoot's Claims and Remove her as a Class Representative, highlighting the fact that no motion for substitution of a proper party had yet been filed despite Ms. E. Lightfoot's death.  Plaintiffs filed an opposition to the District's motion and, at the same, Ms. Chanell Lightfoot ("C. Lightfoot"), Personal Representative of the Estate of Elizabeth Lightfoot, filed a formal [402] Suggestion of Death as to Elizabeth Lightfoot and a [404] Motion for an Order of Substitution in which she seeks to be substituted as plaintiff and class representative.  In addition, Ms. C. Lightfoot also filed a [405] Protective Motion for Extension of Time to File Motion for Substitution of Elizabeth Lightfoot. The District did not file a reply in support of its Amended Motion to Dismiss nor did the District

file an opposition to either the Motion for an Order of Substitution or the Protective Motion for

Extension of Time filed by Ms. C. Lightfoot.

Upon consideration of the parties' filings, the relevant case law and the record of the case

as a whole, the Court shall DENY the District's [400] Amended Motion to Dismiss, GRANT

Ms. C. Lightfoot's [404] Motion for an Order to Substitute, and DENY AS MOOT Ms. C.

Lightfoot's [405] Motion for Extension of Time to File Motion for Substitution of Elizabeth

Lightfoot, for the reasons that follow.

## I. BACKGROUND

This case has been the subject of numerous opinions and orders of this Court as well as of

the Court of Appeals for the District of Columbia Circuit.  As such, the Court shall assume

familiarity with the factual background of this case and does not repeat herein the entire

background of this matter.[1]  For purposes of the instant memorandum opinion, it is sufficient to

note that this action was brought by Plaintiffs, a class of former District of Columbia employees,

against the Defendants to challenge the policies and procedures applied to terminate, suspend,

and modify their disability compensation benefits pursuant to the District of Columbia

Government Comprehensive Merit Personnel Act of 1978.  One such Plaintiff and Class

Representative is Elizabeth Lightfoot, who passed away on January 8, 2003.  *See* Suggestion of

---

[1] For a detailed discussion of the factual background of this case, *see Lightfoot v. District of Columbia*, 339 F. Supp. 2d 78, 80-87 (D.D.C. 2004) (granting summary judgment as to Claims Six ans Seven of TAC), *rev'd on appeal*, 448 F.3d 392 (D.C. Cir. 2006) (hereinafter "*Lightfoot*"); *see also Lightfoot v. District of Columbia*, 448 F.3d 392, 394-95 (D.C. Cir. 2006) (hereinafter "*Lightfoot Appeal*"); *Lightfoot v. District of Columbia*, Civil Action No. 01-1484, Mem. Op. (D.D.C. Jan. 16, 2007), Docket No. [316] (granting motion to dismiss Claims Three through Seven of TAC) (hereinafter "Jan. 16, 2007 Opinion."); *Lightfoot v. District of Columbia*, Civil Action No. 01-1484, Mem. Op. (D.D.C. Apr. 10, 2007), Docket No. [330] (granting motion to dismiss Claim One of TAC) (hereinafter "Apr. 10, 2007 Opinion").

Death.  The parties now dispute whether it is too late to substitute Chanell Lighfoot, Personal

Representative of the Estate of Elizabeth Lightfoot, as plaintiff and named class representative.

## II.  LEGAL STANDARD AND DISCUSSION

Pursuant to Rule 25(a)(1), a court "may" order substitution of a proper party "[i]f a party

dies and the claim is not extinguished."  Fed. R. Civ. P. 25(a)(1).  "A motion for substitution may

be made by any party or by the decedent's successor or representative."  *Id.*  Such a motion,

however, must be made "within 90 days after service of a statement noting the death," or "the

action by or against the decedent must be dismissed."  *Id.*  Prior to its amendment in 1963, Rule

25(a)(1) required a court to dismiss an action if no motion for substitution had been filed within

two years of the death of a party, and no extensions of time were permitted.  *Rende v. Kay*, 415 F.

2d 983, 984 (D.C. Cir. 1969).  As the D.C. Circuit has explained, "[t]he rule was rigorously

applied, often with harsh results."  *Id.*  Consequently, Rule 25(a)(1) was amended "so as to

provide a 90-day time limit from the filing of the suggestion of death" rather than the actual date

of death, "and to give the court discretion to extend that time."  *Id.*

The District, in its instant Motion to Dismiss, asserts that "Plaintiffs' suggestion of death

was presented by counsel in the Third Amended Complaint," which was filed in January of 2003,

and that, pursuant to Rule 25(a)(1), the "time allotted for Plaintiffs to substitute a proper party

expired six years ago and such neglect should not be deemed excusable."  Def.'s Amended

Motion to Dismiss, Docket No. [400], (hereinafter "Def.'s MTD") at 3.  Plaintiffs counter that

the passing references in the Third Amended Complaint to Elizabeth Lightfoot's death do not

qualify as a formal Suggestion of Death, as is required under Rule 25(a)(1).  Plaintiffs'

Opposition to Def.'s MTD, Docket No. [403], (hereinafter "Pls.' Opp'n"), at 2-4.  Accordingly,

Plaintiffs assert that the District is wrong as a legal matter when it asserts that Plaintiffs were required to file a motion for substitution within 90-days of the filing of the Third Amended Complaint. *Id.* at 2.

Although neither party has directed the Court to any case law directly on point in this Circuit, federal courts outside the D.C. Circuit have concluded that the "ninety-day period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990).  Accordingly, these courts have concluded that "[m]ere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution." *Id.* at 836-37.  *See also Hawes v. Johnson*, 940 F. Supp. 697 (D.N.J. 1996) ("The mere reference to the death of [a party] in plaintiffs' reply brief submitted in support of their class certification motion is insufficient to trigger the commencement of the 90 day time limit."); *Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21, 22 (W. D. Penn. 1984), *aff'd* 787 F.2d 580 (3rd Cir. 1986) ("The reference to the death of the Plaintiff in the pleadings is not sufficient to trigger the running of the 90 day time period.").

Noticeably, the District did not file a reply to Plaintiffs' assertion that mere references to a party's death are insufficient as a matter of law to trigger the 90-day time period under Rule 25(a)(1).  Consequently, the District failed to direct the Court to any cases holding to the contrary or to offer the Court any reason why it should decline to follow the persuasive logic of the above-cited cases.  In the absence of any argument to the contrary, the Court is persuaded that the filing of a formal Suggestion of Death is required before the 90-day time period under Rule 25(a)(1) is triggered.  The 90-day time period was thus not triggered by the filing of the Third Amended

4

Complaint in 2003.  Rather, the time limit under Rule 25(a)(1) did not begin to run until the

formal Suggestion of Death was filed on May 26, 2009.[2]  *See* Suggestion of Death.  Accordingly,

dismissal is not *required* under Rule 25(a)(1).

However, the fact that dismissal is not mandatory under the Rule does not mean that the

Court is without discretion to deny the motion to substitute and grant the District's motion to

dismiss.  As the committee notes explaining the 1963 amendment observe,

> under the permissive language of the first sentence of the amended rule ('the court
> may order') [a motion to substitute]  may be denied by the court in the exercise of a
> sound discretion if made long after the death—as can occur if the suggestion of death
> is not made or is delayed—and circumstances have arisen rendering it unfair to allow
> substitution. . . . Accordingly, a party interested in securing substitution under the
> amended rule should not assume that he can rest indefinitely awaiting the suggestion
> of death before he makes his motion to substitute.

Fed. R. Civ. P. 25(a)(1) advisory committee's note (1963 amendment); *cf. McKenna v. Pacific

Rail Serv.*, 32 F.3d 820, 836 (3rd Cir. 1994) ("In circumstances in which the deceased's counsel

only recently learned of the death, failure to file a suggestion of death within a particular period

of time does not constitute sufficient grounds for refusing [] a motion [to substitute].").

Here, Plaintiff and Class Representative Elizabeth Lightfoot passed away in January of

2003, yet no suggestion of death or motion to substitute was filed until only recently.  Needless

to say, waiting more than six years to file a motion to substitute is less than ideal.  Nonetheless,

the Court is persuaded that Defendants are not be prejudiced by permitting substitution of the

proper party in this instance, despite the passage of six years.  As Plaintiffs point out, this is a

---

[2] Given the Court's conclusion that the 90-day time period was not triggered until May
26, 2009, and that the Motion for an Order to Substitute was timely filed within that time period,
the Court shall DENY as moot the pending [405]  Motion for Extension of Time to File Motion
for Substitution of Elizabeth Lightfoot.

class action for retrospective relief only and the Estate, through Chanell Lightfoot, has already

been acting on behalf of Elizabeth Lightfoot for six years, without prejudice to Defendants.  *See*

Pls.' Opp'n at 4-5; *see also* Plaintiffs' Motion for Extension of Time to File Motion for

Substitution of Elizabeth Lightfoot, Docket No. [405], (hereinafter "Pls.' Mot. for Ext."), at 2

("there is no conceivable prejudice to the opposing parties," as "[t]he Defendants were aware, in

January, 2003, of Elizabeth Lightfoot's death.").  The District has not disputed this point and

indeed, has not opposed the Motion for an Order to Substitute, indicating that it "will defer to the

Court on the substitution of the Estate."  *See* Pls.' Mot. to Subst. at 1 (indicating the District's

position as to the motion to substitute, pursuant to LCvR 7m).[3]  It thus appears that the District

itself agrees that permitting substitution of Ms. C. Lightfoot, even at this late date, would not

prejudice Defendants.  Accordingly, although Plaintiffs would have been better served to seek

substitution of the proper party at an earlier stage in the proceedings, based on the parties' filings

and the record of this case as a whole, the Court in its discretion concludes that permitting

substitution of the proper party at this time does not prejudice any party.  Accordingly, the Court

shall DENY the District's [400] Amended Motion to Dismiss Decedent Plaintiff Elizabeth

Lightfoot's Claims and Remove her as a Class Representative, GRANT the [404] Motion for an

Order of Substitution, and order that Chanell Lightfoot is hereby substituted as plaintiff and class

representative for Elizabeth Lightfoot.

## III.  CONCLUSION

For the reasons stated above, the Court shall DENY the District's [400] Amended Motion

---

[3] The Court notes that Defendant CLW/Creative Disability Management also has not responded to or indicated its opposition to the Motion for an Order to Substitute.

to Dismiss, GRANT Ms. Chanell Lightfoot's [404] Motion for an Order to Substitute, and

DENY AS MOOT Ms. Chanell Lightfoot's [405] Motion for Extension of Time to File Motion

for Substitution of Elizabeth Lightfoot.

Date: June 26, 2009

                                                         _/s/_____
                                                         COLLEEN KOLLAR-KOTELLY
                                                         United States District Judge